UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NATALIE GRINDLE-POMPEO,
    PLAINTIFF,

v.    Case No.:

PRINCIPAL LIFE INSURANCE
COMPANY, a foreign corporation,
    DEFENDANT.
_____/

## COMPLAINT FOR DISABILITY BENEITS

Plaintiff, Natalie Grindle-Pompeo, by and through her undersigned attorney, sues Defendant, Principal Life Ins. Co., a foreign corporation, and says:

1. Plaintiff's claim is brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq.

2. Plaintiff's employer provided for the benefit of Plaintiff, a Florida resident and Plan participant, a long term disability (LTD) Plan. A copy of the Plan (policy) is attached and incorporated herein.

3. Defendant, a foreign corporation authorized to and transacting business in the state of Florida, is the named fiduciary and claims' administrator to whom all duties and responsibilities of claims and appeals administration have been delegated.

4. Plaintiff became disabled on or about 5/28/10 as a result of chronic pain due to progressive spinal degeneration, migraines and severe G.I. symptoms including nausea, pain and vomiting; Defendant acknowledged Plaintiff's disability and entitlement to LTD and Waiver of Life Insurance Premium benefits and paid benefits through 3/20/20.  During this almost 10 year period Defendant requested Plaintiff submit to an IME and otherwise fully evaluated her disability. On the basis of the IME which opined that Plaintiff was significantly disabled and suffered from a progressive condition that would only get worse over time and other evidence including the opinions of Plaintiff's treating physicians who fully supported her claim, Defendant acknowledged Plaintiff's disability and paid benefits.

5. Defendant denied Plaintiff's claim and declined to pay further benefits subsequent to 3/20/20 by letter dated 3/31/20. Defendant based its decision almost solely on a non-final report of a consulting physician who reached his decision without reviewing Plaintiff's current medical records (which Defendant failed to provide to him). Defendant also based its decision, in part, on a faulty investigation which incorrectly concluded that Plaintiff was not filling her prescriptions.

6. Plaintiff completed a timely appeal on 9/22/20. Plaintiff submitted with her appeal extensive current medical records from her treating physicians which Defendant had failed to obtain, records demonstrating she was in fact filling

her prescriptions, reports from her treating physicians (including her chronic pain and GI doctors) confirming that she was disabled and incapable of working on anything other than an extremely flexible schedule which would allow her to come in late or leave early or not work at all should her pain or other symptoms be at a level which prevented her from performing productive work and a report from a vocational counselor opining that the limitations imposed by her physicians prevented her from performing anything other than sheltered employment thereby rendering her disabled.

7. Defendant contacted Plaintiff by letter dated 11/3/20 (written 42 days following the appeal) advising that it would not be able to complete the appeal within 45 days and extending the review period by 45 days as authorized by ERISA.

8. On or about December 17, Defendant contacted Plaintiff advising it could not complete its review timely and requesting an extension. Plaintiff agreed to extend the 90 day review period (90 days ran on 12/21/20) by 30 days so long as Defendant would agree to provide the report of its peer review physician to Plaintiff for review prior to rendering its decision. On 1/31/21 Defendant provided for review: the report of its physician peer reviewer, a surveillance report and a transferable skill analysis. Plaintiff submitted comments generally rebutting the reports on 2/4/21. Approximately one week later, Plaintiff followed up and

requested that Defendant make a decision, noting that it had already exceeded the review period imposed by ERISA and extended by Plaintiff and confirming that Plaintiff was not in a position to grant a further extension as she was in need of the benefits which had been denied for over 10 months. Defendant advised that it intended to obtain an additional peer review and submit Plaintiff's comments to the original peer reviewer. Plaintiff strenuously objected and requested that Defendant render a decision.

9. By failing to complete its review and issue a ruling within the time period prescribed by ERISA together with the extension granted by Plaintiff, Defendant has denied Plaintiff's appeal, by failing to rule within the time prescribed, without exercising its discretion. Thus, Plaintiff has exhausted her administrative remedies and is authorized to bring this claim.

10. Defendant's denial, should be overturned because: it is wrong; it's not supported by substantial medical evidence; it ignores unrefuted medical evidence; it imposed requirements not imposed by the Plan or ERISA law; it failed to apply the Plan as written; it's erroneous on questions of law; Defendant failed to perform a full and fair review or engage in a principled, diligent evaluation; Defendant failed to comply with procedures mandated by ERISA; Defendant's denial was arbitrary and capricious; the standard of review should be de novo because

- 5 -

Defendant failed to exercise its discretion in reviewing Plaintiff's appeal; alternatively, the standard of review is arbitrary and capricious.

11. Plaintiff has retained the undersigned attorney and is obligated to him for reasonable attorney's fees for his services. Plaintiff seeks reasonable attorney's fees pursuant to § 29 USC 1132(g).

**WHEREFORE**, Plaintiff requests judgment against Defendant for LTD benefits denied, together with interest, attorney's fees, and costs.

/s/ Terence J. Kann_____
**TERENCE J. KANN, P.A.**
Florida Bar #286664
5200 NW 43rd St., Ste. 102-507
Gainesville, Florida  32606
Telephone: (352)375-3203
Facsimile:  (352)380-0378
Email: tkann@att.net
Attorney for Plaintiff